KENNEDY v. DELAWARE COUNTY.

1. **Witnesses:** FEES OF IN CRIMINAL CASES: BY WHOM PAID. Section 3818 of Miller's Code (chapter 207, Laws of 1880), provides that witnesses for the defense shall not in any criminal case be subpoenaed at the expense of the county, except upon order of the court or judge before whom the case is pending. This section applied to cases in all the courts of the State, including courts held by justices of the peace; and being a later expression of the legislative power than section 3814 of the Code, it must be construed as limiting the payment provided by the latter section to such of the defendant's witnesses as are subpoenaed after the proper order has been made.

*Appeal from Delaware Circuit Court.*

FRIDAY, JUNE 16.

ACTION brought against Delaware county to recover certain witness fees, to which plaintiff claims he is entitled, for attendance as a witness in a criminal case before a justice of the peace. The action was commenced before a justice of the peace where a judgment was rendered for the plaintiff, and upon a writ of error the judgment of the justice was affirmed by the Circuit Court. Defendant appeals.

*Charles Husted*, for appellant.

*C. B. Kennedy*, for appellee.

ROTHROCK, J.—The controversy involves the sum of two dollars, and the appeal comes to us by a certificate of the trial judge, which states the question of law to be determined as follows:

"1st. In a criminal proceeding, before a justice of the peace, wherein the defendant is adjudged not guilty, is a county liable for the fees of the defendant's witnesses upon the certificate of the justice, provided for in section 3814 of the Code of 1873, where said witnesses were subpoenaed without the order provided for in chapter 207, of laws of Iowa, 18th.

General Assembly, and no order for the payment of said witnesses was made as provided in said chapter 207, other than by the bill and certificate set out in the petition?"

The bill and certificate set out in the petition do not show that an order was made by the justice of the peace before the witness was subpoenaed. They merely show that after the witness had attended in obedience to a subpoena, he made out a bill for his services and verified it by affidavit, and the justice of the peace appended a certificate to the effect that the claim was true and correct. It will be understood that we determine nothing but the legal question certified, and we look no further into the record than is necessary to make the question intelligible. It should be intelligible without this. Section 3818 of Miller's Code is as follows:

"SEC. 3818. In no criminal case shall witnesses for the defense be subpoenaed at the expense of the county, except upon order of the court or judge before whom the case is pending; then only upon a satisfactory showing that the witnesses are material and necessary for the defense, and the board, of supervisors shall in no case audit or allow any claims for witness fees for the defendant in criminal cases, except upon order or judgment of the judge thereof. And such order may be made at the time of the trial or other disposition of the case, and upon such showing as the court may require."

This section was enacted by the Eighteenth General Assembly. It plainly provides that witnesses for the defense shall not in any criminal case be subpoenaed at the expense of the county, except upon the order of the court or judge before whom the case is pending. This section applies to cases in all the courts of the State, including courts held by justices of the peace. It is necessary that an order be made by the court or judge. An order is "a direction of a court or judge made or entered in writing, and not included in a judgment." Code, § 2922. Appellee contends, however, that the plaintiff is entitled to his fees under section 3814, of the Code. That section requires the county to pay witness fees in criminal

cases before a justice of the peace, when the defendant is adjudged not guilty. But section 3818, being the last expression of the legislative power, must be construed as limiting section 3814 to such of the defendant's witnesses as are subpoenaed after the proper order has been made.

REVERSED.